UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY PANIAN, an individual, JILL
PANIAN, an individual, and FAIR HOUSING
CENTER OF WEST MICHIGAN, a Michigan
non-profit corporation,

       Plaintiffs,

v.

LAMBRECHT ASSOCIATES, INC., a
Michigan corporation, BURTON RIDGE,
L.L.C., a Michigan limited liability company,
EASTGATE VILLAGE, L.L.C., a Michigan
limited liability company, and LAKEWOOD
HILLS, L.L.C., a Michigan limited liability
company,

       Defendants/Counter-Plaintiffs,

v.

FAIR HOUSING CENTER OF WEST
MICHIGAN, a Michigan non-profit
corporation,

       Plaintiff/Counter-Defendant.
_____/

Case No.  1:14-CV-572

HON. ROBERT HOLMES BELL

## **O P I N I O N**

       This action is before the Court on Plaintiff Fair Housing Center of West Michigan's Rule 12(b)(6) motion to dismiss Defendants' counterclaim for defamation.  (ECF No. 12.) For the reasons that follow, the motion will be granted.

I.

Plaintiffs Jeffrey and Jill Panian, a married couple with three children, and the Fair Housing Center of West Michigan (the "Center") filed this action against Lambrecht Associates, Inc., Burton Ridge, L.L.C., Eastgate Village L.L.C., and Lakewood Hills, L.L.C., alleging housing discrimination on the basis of familial status and age.[1]  Through this action Plaintiffs challenge Defendants' policy of prohibiting more than two adults or more than two children from living in a two-bedroom unit.

After Plaintiffs filed suit, Elizabeth Stoddard, Director of Advocacy for the Center, was interviewed by the media, and an article based on that interview was published on MLive, an on-line newspaper.  Defendants have filed a counterclaim against the Center, alleging that the Center defamed Defendants by portraying Defendants of being ignorant of fair housing standards or willfully violating anti-discrimination laws.  (CounterCl. ¶ 1, ECF No. 9.)  The Center has filed a motion to dismiss the counterclaim for failure to state a claim on which relief can be granted.

II.

Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The complaint need not contain detailed factual allegations, but it must include more

---

[1] Defendant Lambrecht manages three multi-family residential properties owned by Defendants Burton Ridge, L.L.C., Eastgate Village L.L.C., and Lakewood Hills, L.L.C.

than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

"A defamatory communication is one that tends to harm the reputation of a person so as to lower him in the estimation of the community or deter others from associating or dealing with him." *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 609 N.W.2d 607, 611 (Mich. Ct. App. 2000) (citing *Hawkins v. Mercy Health Servs., Inc.*, 583 N.W.2d 725, 729-30 (Mich. Ct. App. 1998)). However, not all defamatory statements are actionable. *Ireland v. Edwards*, 584 N.W.2d 632, 636 (Mich. Ct. App. 1998). "If a statement cannot be reasonably interpreted as stating actual facts about the plaintiff, it is protected by the First Amendment." *Id.* (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *Garvelink*

3

*v. Detroit News*, 522 N.W.2d 883, 886 (Mich. Ct. App. 1994)). In order to be actionable, a statement must be "provable as false," as in the case of an objectively verifiable event as opposed to a subjective assertion. *Id.* at 637 (citing *Milkovich*, 497 U.S. at 17-22). In other words, "[t]o constitute defamation, a statement must purport to 'stat[e] actual facts about the plaintiff' and must contain enough objective matter to be 'provable as false.'" *Elias v. Fed. Home Loan Mortg. Corp.*, 581 F. App'x 461, ---- (6th Cir. 2014) (quoting *Ireland*, 584 N.W.2d at 636-37.) "[A] statement of opinion may be defamatory when it implies assertions of objective facts." *Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 548 (Mich. 2010).

The Center has attached matters outside the pleadings to its Rule 12(b)(6) motion to dismiss. The Court has elected not to consider these matters, and accordingly is not treating the motion as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

The elements of a defamation claim are: "(1) a false and defamatory statement about the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP*, 759 F.3d 522, 527 (6th Cir. 2014) (citing *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005)). "Once the plaintiff has met his burden as to these common-law elements, the defendant brings forth his defenses of truth or privilege." *Postill v. Booth Newspapers, Inc.*, 325 N.W.2d 511, 516 (Mich. Ct. App. 1982).

Although Michigan recognizes defamation by implication without a direct showing of a false statement, it still requires proof that the defamatory implications are materially false. *Locricchio v. Evening News Ass'n*, 476 N.W.2d 112, 132 (Mich. 1991); *Am. Transmission*, 609 N.W.2d at 611. Moreover, "claims of defamation by implication, which by nature present ambiguous evidence with respect to falsity, face a severe constitutional hurdle." *Locricchio*, 476 N.W.2d at 129.

Defendants allege in their counterclaim that the Center defamed it when its Director of Advocacy made the following statements to a reporter:

> We don't see this very often in the larger apartment communities. I think primarily because that community is more informed on fair housing issues.

(CounterCl. ¶ 12.) Defendants allege that Stoddard's statements "can be taken to mean only that Lambrecht Management and the Communities violated fair housing laws and either (a) despite being businesses that are focused on managing housing communities, they are ignorant of fair housing standards or (b) they are informed but willfully violate anti-discrimination laws." (*Id.* at ¶ 13.) Defendants allege that the statements are false because they have not violated the fair housing laws and because they are appropriately informed on fair housing standards. (*Id.* at ¶ 18.)

The Center moves for dismissal of the counterclaim based on its contention that the statements at issue are not false and defamatory statements about Defendants, and because, even if defamatory, they are protected by the fair reporting privilege.

For purposes of this opinion, the Court accepts Defendants' contention that the word

5

"this" in the first statement, "We don't see this very often in the larger apartment communities," refers to the allegations in the complaint that Defendants violated fair housing laws. (Defs.' Resp. Br. 3, ECF No. 15.) To the extent Stoddard's statements imply that Defendants violated the law by discriminating on the basis of familial status, the statements add nothing to what was alleged in the publicly-filed complaint, and fall within the protection of Michigan's statutory fair reporting privilege. *See* Mich. Comp. Laws § 600.2911(3) ("Damages shall not be awarded in a libel action for the publication or broadcast of a fair and true report of matters of public record . . . ."); *Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180, 187-88 (6th Cir. 2003) (holding that the privilege extends to the party who filed the complaint).

Defendants recognize the fair reporting privilege, but contend that the statements went beyond what was alleged in the complaint. It is unclear whether "larger apartment communities" in the first sentence refers to communities larger than Defendants' communities, or to communities the same size as Defendants. Defendants contend that the article described Defendants as larger apartment communities. (Defs.' Br. 8.) Under either reading, Stoddard's statement that they do not often see such violations in larger apartment communities adds little objective information beyond the protected allegation that Defendants discriminated in violation of the law. Moreover, because the statement does not specify what a "larger" community is or what "often" means, it is not provable as false. The statement, "I think primarily because that community is more informed on fair housing

6

issues," similarly does not state any actual facts about Defendants. It is a comparison between larger communities and smaller communities, and is a qualitative generalization based on Stoddard's experience that larger apartment communities tend to be more informed than smaller apartment communities on fair housing issues. The statements are opinions about the characteristics of large apartment communities in general. Contrary to Defendants' assertions,[2] the statements, individually or in combination, do not imply that Defendants willfully violated the law, or that Defendants are ignorant of fair housing issues. Moreover, even if the statements could be interpreted to imply that Defendants willfully violated the law or were ignorant of the law, the statements would be protected under the fair reporting privilege because the complaint itself alleges that Defendants' conduct was "willful, intentional, and knowing, and/or has been, and is, implemented with callous and reckless disregard for Plaintiffs' rights under the law." (Compl. ¶ 45, ECF No. 1.)

In *National Fair Housing Alliance v. Town & Country-Sterling Heights, Inc.*, No. 07-10385, 2008 WL 4826299 (E.D. Mich. Aug. 19, 2008), the district court denied a motion to dismiss a defamation claim based on its determination that the statement that the defendant was the "worst [the plaintiff had] ever seen when it comes to discriminatory [housing] practices" was sufficient to raise a claim for relief above the level of speculation. *Id.* at *7.

---

[2] Defendants paraphrase Stoddard's statement as follows: "The Center stated that other large communities follow the law because they are more informed on fair housing issues and Lambrecht and the Communities do not follow the law because they are ignorant on fair housing issues or because they willfully discriminate." (Defs.' Br. 10, ECF No. 15.)

The Court is not persuaded by Defendants' contention that Stoddard's statements should similarly survive a motion to dismiss. Stoddard's statements are far more ambiguous and significantly less objective than the statement at issue in *Town & Country*. Even if Stoddard's statements are broadly interpreted to imply that discrimination on the basis of familial status is rare in large communities, or that Defendants are less informed on housing issues than other communities, they simply do not state or imply any material facts about Defendants that are objective or specific enough to be provable as false. *See Ireland*, 584 N.W.2d at 636-37. Who may or may not be more informed on a legal issue is an unprovable statement of opinion. Defendants' counterclaim for defamation does not allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. Accordingly, the Center's motion to dismiss will be granted.

    An order consistent with this opinion will be entered.


Dated: <u>December 3, 2014</u>              /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE